140 U.S. 68
 11 S.Ct. 1020
 35 L.Ed. 601
 FITTON
v.
TAYLOR.
 April 22, 1891.
 
 Joel C. Baker, for appellant.
 William W. Stickney, for appellee.
 No opinion. Dismissed, with costs, pursuant to the sixteenth rule, on motion of Mr. William W. Stickney for appellee. thereby was good. Whatever rights the railway company might have if the $10,000 of bonds had been declared void while in its hands, or if it had not sold them, and received consideration for them from other parties, or if, having received consideration, it had returned the same, and taken up the bonds when they were declared void, and now tendered them back to the town, need not be considered. It is enough that it took the $40,000 of bonds as payment for this subcription for an equal amount of a stock; that it disposed of those bonds, and received value therefor; and that it has never offered to return the void bonds to the town, and never taken any proceedings to assert its equitable rights, if any it had, in the stock. The equity of plaintiff's claim is manifest. The railway company received all the bonds—the void as well as the valid—on the same terms, and as payment, dollar for dollar, for the stock it issued. It transferred all the bonds, receiving the same consideration for one as for the other. The party who took these bonds from it, sold the entire series, and received 90 cents on the dollar; and so, by subsequent sales, they passed from one to another, until the major part of the whole series reached the plaintiff. The railway company has never returned any of the consideration it received, or been called upon to pay back a single dollar; neither has any one of the subsequent vendees. The plaintiff, and the plaintiff alone, is the one out of money; and new, when he proposes to take this stock for the money which he had paid out, and thus close the entire transaction, the railway company objects. It received these bonds as valid; it got full value for them; and still objects that the town ought not be permitted to do justice to the party who has unfortunately parted with his money for these void securities. If ever there was a case in which no wrong was done, and justice and equity are meted out to all the parties, this is such a case.
 In regard to the last contention, it is enough to say that the rights of complainant as against the railway company may be considered as having been for the first time established by the decree; and surely, in that light, there is no question of laches or limitation. If it be objected that there fore, when the bill was filed in the first instance, no right existed in plaintiff as against the railway company, it is enough to say that no objection was made on the ground that plaintiff had not yet acquired the rights of the town. It may be true that for all the relief claimed, and in view of the fact that the stock was all included in one certificate, the railway company was a necessary party to the suit; and yet it cannot be doubted that the plaintiff could, in a separate proceeding against the town alone, have established his right to one-forth of the 400 shares, and thereafter filed his bill to compel a recognition by the railway company of this right. No objection was made to combining these matters in one suit, and it is now too late to raise the objection. The decree of the circuit court was right, and it is affirmed.
 Case No. 252, between the same parties, presents the same questions, and the decree in that case will also be affirmed.
 FULLER, C. J., did not participate in the consideration and decision of these cases.
 No. 252. Illinois Grand Trunk Railway Company v. Wade. Appeal from the Circuit Court of the United States for the Northern District of Illinois, submitted March 24, 1891, presents the same questions, and the decree in that case also will be affirmed.
 The Chief Justice did not participate in the consideration and decision of this case.
 
 
 1
 John J. Herrick, for appellants.
 
 
 2
 Thos. S. McClelland and Geo. A. Sanders, for appellees.